UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA R. VINYARD,<br><br>    Petitioner,<br><br>    v.<br><br>C. PFEIFFER, et al.,[1]<br><br>    Respondent. | Case No. 17-cv-01937-KAW (PR)<br><br>**ORDER TO SHOW CAUSE** |

This is a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Joshua R. Vinyard, a prisoner in the California State Prison in Los Angeles. On October 20, 2017, the Court granted Petitioner's motion to stay and abey his petition so that he could exhaust state court remedies and ordered the case to be administratively closed. On November 13, 2017, Petitioner filed a motion to reopen his case and to file an amended petition with exhausted claims, which the Court granted. On January 3, 2018, Petitioner filed his amended petition.

It does not appear from the face of the amended petition that it is without merit. Good cause appearing, the Court hereby issues the following orders:

    1.    The Clerk of the Court shall serve a copy of this Order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this Order on Petitioner at his current address.

    2.    No later than sixty days from the date of this Order, Respondent shall file with this Court and serve upon Petitioner an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer all portions of the state record that have been transcribed previously and are relevant to a determination of the issues presented by the petition. If Petitioner

---

[1] The Court *sua sponte* substitutes Debbie Asuncion, the Warden at California State Prison, Lancaster, as the proper respondent in accordance with Rule 2(a) of the Rules Governing § 2254 Cases. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996).

wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within thirty days of his receipt of the Answer. If he does not do so, the petition will be deemed submitted and ready for decision on the date the Traverse is due.

3. No later than sixty days from the date of this Order, Respondent may file with this Court and serve upon Petitioner a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within thirty days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within fourteen days of receipt of an opposition.

4. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. He also must serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

5. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than three days prior to the deadline sought to be extended.

6. Respondent shall file his Consent or Declination to Magistrate Judge Jurisdiction on or before the date his answer is due.

This form can be found at www.cand.uscourts.gov/civilforms.

7. The Clerk shall substitute Debbie Asuncion as the respondent.

IT IS SO ORDERED.

Dated: March 19, 2018

KANDIS A. WESTMORE
United States Magistrate Judge

2